# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| KENONE HALL, | Case No. 1:23-cv-2418 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Thomas M. Parker |
| CMHA, | |
| Defendant. | |

## OPINION AND ORDER

Plaintiff Kenone Hall filed this action without a lawyer against the Cleveland Metropolitan Housing Authority Rental Assistance Demonstration Program ("CMHA/RAD") objecting to conditions in his CMHA rental unit. He does not assert legal claims, nor does he specify the relief he seeks from the Court. On the civil cover sheet filed with the complaint (ECF No. 1-1), he indicates he is seeking $50,000,000.00. Plaintiff also filed an Application to Proceed *In Forma Pauperis* (ECF No. 2). The Court **GRANTS** that application.

## STATEMENT OF FACTS

Mr. Hall does not provide much factual information in his complaint. He indicates that he became homeless as a result of the housing crisis. He states that he has four daughters. He applied for housing with CMHA in 2003 but did not receive housing with CMHA until 2013. He contends that CMHA reported they did not receive his applications.

Mr. Hall states that, from the time he moved into CMHA housing, he experienced deplorable living conditions. He alleges that he was promised a four-bedroom house but that was not provided to him. He states his children played with dead mice. He indicates that his apartment had no working electrical outlets. He contends that the residents have no communication with CMHA executives. He claims maintenance men steal tools, equipment, clothes, money, and other items. He alleges that his apartment was burglarized three times resulting in loss of property and desecration of his mother's memorial. Mr. Hall claims that he had to repair his own apartment. He states that he had no heat last Christmas.

## ANALYSIS

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim on which relief can be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim on which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing

2

that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

Here, Plaintiff has not established a basis for federal jurisdiction. Federal courts have limited jurisdiction. Unlike State trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, federal courts have only the authority to decide cases that the Constitution and Congress empower them to resolve. *Id*. Consequently, it is to be presumed that a cause of action lies outside this limited jurisdiction, and the burden of establishing jurisdiction rests upon the party attempting to bring the case in federal court. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only where diversity of citizenship exists between the parties or where the case raises a federal question. *Caterpillar Inc. v. Williams*, 482

3

U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, applies to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the plaintiff must demonstrate that he is a citizen of one State and all of the defendants are citizens of other States. The citizenship of a natural person means his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). Diversity of citizenship does not exist in this case. Plaintiff indicates that he currently lives in Cleveland, Ohio, and the allegations in his complaint suggest he has been in Ohio since at least 2003. He does not allege that he lived in any other State or that he considers any other State to be his home. This creates a strong inference that he is a citizen of Ohio. CMHA is also based in Cleveland, Ohio. Because Plaintiff and Defendant both appear to be citizens of Ohio, federal subject matter jurisdiction cannot be based on diversity of citizenship.

The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983). In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the Complaint and ignores potential defenses" Defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). Although the well-pleaded-complaint rule focuses on what Plaintiff alleges, it allows the Court to look past the words of the complaint to

4

determine whether the allegations ultimately involve a federal question. *Ohio ex rel. Skaggs*, 549 F.3d at 475. Here, even with the liberal construction provided to *pro se* pleadings, the Court cannot identify any federal legal claims. Plaintiff fails to identify a federal question in this case.

## CONCLUSION

For these reasons, the Court determines that it lacks subject matter jurisdiction over this action. Therefore, the Court **DISMISSES** this action pursuant to 28 U.S.C. §1915(e). Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith.

**SO ORDERED.**

Dated: March 8, 2024

J. Philip Calabrese
United States District Judge
Northern District of Ohio